IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YVES NADIE,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **GREENWOOD GAMING AND** | : | |
| **ENTERTAINMENT, INC. d/b/a** | : | |
| **PARX CASINO SHIPPENSBURG, and** | : | |
| **JOHN DOES 1-10** | : | |
| *Defendants*. | : | **NO. 25-cv-1184** |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **April 17, 2025**

Plaintiff Yves Nadie brings this suit against Defendants Greenwood Gaming and Entertainment, Inc. d/b/a Parx Casino Shippensburg ("Parx Casino") and John Does 1-10 ("John Does") (together, the "Defendants") claiming that Defendants discriminated against him in violation of 42 U.S.C. § 1981 ("Section 1981") (Count I) and 42 U.S.C. § 2000(a) ("Title II") (Count II). Presently before the Court is Defendant Parx Casino's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8 ("Motion to Dismiss")), and Plaintiff's Brief in Opposition (ECF No. 12). For the reasons set forth below, the Court will grant in part and deny in part Defendant Parx Casino's Motion to Dismiss (ECF No. 8). Count II of the Complaint (ECF No. 1) is dismissed without prejudice as to Defendant Parx Casino. Defendant Parx Casino shall file an Answer to Count I of Plaintiff's Complaint on or before May 1, 2025. An appropriate Order will follow.

I.     **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff is a Black man of Haitian descent who speaks fluent English with a Haitian accent. ECF No. 1 ¶ 1. Plaintiff was a patron of and held a membership in the loyalty program of Parx Casino ("Membership"). *Id.* ¶ 11. The Membership included the ability to accrue points and earn rewards using a Membership card. *Id.* ¶ 13. Plaintiff periodically visited Parx Casino and participated in gaming. *Id.* ¶ 14.

On March 6, 2023, Plaintiff went to Parx Casino and participated in gaming. *Id.* ¶ 15. "[A]fter participating in gaming, Plaintiff was talking to a number of other patrons that Plaintiff had seen and spoken to on prior occasions at Parx Casino." *Id.* ¶ 16. All of the other patrons were white. *Id.* While engaged in this conversation, a uniformed employee of the Defendant ("John Doe 1") approached Plaintiff and informed him that "he was not supposed to be at the location" and to leave. *Id.* ¶¶ 19, 20. Plaintiff asked why he was not supposed to be at the location and explained that he had been engaged in gaming that day and offered to show John Doe 1 his Membership card. *Id.* ¶ 21.

John Doe 1 stated that Plaintiff had to leave and called over a Parx Casino Manager ("John Doe 2") and Security Manager ("John Doe 3"). *Id.* ¶ 22. John Doe 2 took Plaintiff's Membership card while John Doe 3 escorted him to another area where they were met with two Bensalem police officers. *Id.* ¶ 23. Plaintiff tried to explain that he had a right to be at the location, and John Doe 3 began pushing him. *Id.* ¶ 24. John Doe 2 returned with Plaintiff's Membership card and confirmed that Plaintiff had been engaged in gaming. *Id.* ¶ 25. Plaintiff was instructed by John Does 1 through

---

[1] Consistent with the appropriate motion to dismiss legal standard, *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (explaining that on a motion to dismiss, courts must "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff"), all facts recited herein are those alleged by the Plaintiff in his Complaint, *see* ECF No. 1.

2

3 and the two police officers to leave Parx Casino. *Id.* ¶ 28. Plaintiff complied and was escorted off the premises by John Doe 3 and the police officers. *Id.* ¶ 29.

Plaintiff alleges that at no time did he cause a disturbance, the other patrons ask him to leave, or the other patrons make any complaints to Parx Casino employees. *Id.* ¶ 17. None of the white patrons were approached by Parx Casino's employees even though they were similarly not actively gaming at the time. *Id.* ¶ 29.

As a result of the alleged actions, Plaintiff has "suffered, continues to suffer, and will in the future suffer irreparable loss and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, feelings of racial stigmatization, an increased sense of vulnerability, and unlawful deprivation of his state and federally protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in public spaces." *Id.* ¶ 32.

On March 5, 2025, Plaintiff instituted this action before this Court. ECF No. 1. On March 27, 2025, the Defendants filed the instant Motion to Dismiss, ECF No. 8, to which Plaintiff responded on April 10, 2025, ECF No. 12.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, courts must

"construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

A complaint need not establish a prima facie case to survive a motion to dismiss. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). Instead, the plaintiff need only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element," *Fowler*, 578 F.3d at 213 (citation omitted), and "must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests," *Bayer v. Pocono Med. Ctr.*, No. 3:13-1900, 2014 WL 3670499, at *4 (M.D. Pa. July 23, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

Defendant Parx Casino moves to dismiss all claims against it. ECF No. 8. For the reasons discussed below, the Court denies the Motion to Dismiss as to Count I of the Complaint but dismisses Count II as to Defendant Parx Casino without prejudice.

#### A. Count I: Unlawful Discrimination Under Section 1981

To state a claim under Section 1981, a plaintiff "must allege facts in support of the following elements: (1) that the plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." [2]

---

[2] As relevant to the first element, Plaintiff, after incorporating the previous paragraphs of the Complaint, ECF No. 1 ¶ 33, alleges in Count I that:

> 36. Plaintiff was singled out by Defendants for expulsion from Parx Casino because of the color of his skin and/or his Haitian ethnicity; thus, through its employees Defendants John Does 1 through 3, Defendant Parx Casino refused to contract with Plaintiff on the same basis as other patrons **based on the color of Plaintiff's skin or his Haitian ethnicity**.

*Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (cleaned up). "A contractual relationship need not already exist because § 1981 protects the would-be contractor along with those who already have made contracts." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).

Parx Casino argues that the statutory protections of Section 1981 do not apply because such protections are triggered by an attempt to contract and Plaintiff had completed any attempt to contract. ECF No. 8 at 3-4. "It is clear that [P]laintiff had completed any attempt to contract with [Parx Casino] and was not attempting to contract at the time of the alleged incident." *Id.* at 4. Parx Casino analogizes the conduct to "making a purchase at a store then standing around chit chatting with friends." *Id.* Rather than an attempt to contract, the behavior is loitering. *Id.*

Defendant Parx Casino's reading of the facts is exceedingly narrow and does not reflect the nature of gaming entertainment. As the Complaint shows, the other patrons engaged in the same conduct as Plaintiff without being removed. ECF No. 1 ¶¶ 16, 29, 31.

Further, Parx Casino's reliance on *Domino's Pizza* and *Hammond v. Kmart Corp.*, 733 F.3d 360, 364 (1st Cir. 2013) cited in Section IV.B. of the Motion to Dismiss is misplaced. *Domino's Pizza* clarifies that a Section 1981 claim must be based on a plaintiff's own contract, not that of another. 546 U.S. at 479. *Domino's Pizza* explicitly protects the right of a would-be

---

37. By discriminating against Plaintiff **on the basis of his race**, Defendants have denied Plaintiff the same right to enjoy the benefits, privileges, terms, and conditions of contract as was enjoyed by white citizens, in violation of the Plaintiff's rights under [] 42 U.S.C. § 1981.

*Id.* ¶¶ 36, 37 (emphasis added).

"[D]iscrimination against classes of persons based on ancestry or ethnicity is race discrimination forbidden by Section 1981." *Verma v. Univ. of Pa.*, 533 F. App'x 115, 118 n.4 (3d Cir. 2013) (citing *St. Francis Coll. v. Al–Khazraji*, 481 U.S. 604, 613 (1987)). For consistency with the allegations in paragraph 37 of Plaintiff's Complaint, the Court will simply discuss the alleged race discrimination as it relates to Section 1981. Based on paragraph 37 of the Complaint, though, it is not entirely clear if the alleged violation of Section 1981 is also based on Plaintiff's ethnicity.

contractor under Section 1981. *Id.* Here, Plaintiff is asserting a claim under his own contract or a would-be contract that he was prevented from making or enforcing. *Hammond*, a First Circuit case, is also unavailing—the layaway transaction completed by the plaintiff in *Hammond* does not reflect the continuing nature of gaming in the case at bar where the Plaintiff was prevented from contracting since he was removed from the premises. 733 F.3d at 361.

Plaintiff pleads sufficient factual matter, assumed to be true and viewed in the light most favorable to Plaintiff, that his removal from Parx Casino impacted either a current contract or his ability to enter into a contract with the Defendant as a would-be contractor. Plaintiff is Black, his alleged treatment and removal could show an intent to discriminate against him on the basis of his race, and the alleged discrimination impacted his right to make and enforce contracts. Accordingly, Count I is plausible on its face since there is sufficient factual contention to allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. There is a reasonable expectation that discovery will reveal evidence of the necessary elements of Count I.

Because Plaintiff met the pleading requirements necessary to state a claim under Section 1981, the Motion to Dismiss is denied as to Count I.

**B. Count II: Unlawful Discrimination Under Title II**

Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). No civil action may be brought under subsection (a) until thirty days after providing written notice to the appropriate state authority if the state where the alleged prohibited act occurred has a law prohibiting the act and establishing or authorizing an

authority to grant relief from such act.[3] 42 U.S.C. § 2000a-3(c). This notice provides the state agency an "opportunity to remedy the situation." *Stephens v. Seven Seventeen HB Phila. Corp.*, No. 99-cv-4541, 2001 WL 33464, at *1 (E.D. Pa. Jan. 11, 2001).

Pennsylvania law prohibits places of public accommodation from discriminating against an individual in the full and equal access to goods and services on the basis of race, color, religion, or national origin, *see* 43 Pa. Cons. Stat. § 953 (2025), and the Pennsylvania Human Relations Commission was established, in part, to grant relief for public accommodations discrimination, *see* 43 Pa. Cons. Stat. § 956 (2025).

Plaintiff admits "a 30-day notice of the alleged discrimination to the Pennsylvania Human Relations Commission is required" and requests that if the Court grant the Motion to Dismiss, it do so without prejudice so the Plaintiff may have "the opportunity to rectify the lack of notice and amend the claim." ECF No. 12 at 8. A district court "must permit a curative amendment unless such an amendment would be inequitable or futile" even if a complaint is subject to the Rule 12(b)(6) dismissal. *Phillips*, 515 F.3d at 245.

---

[3] In its entirety, 42 U.S.C. § 2000a-3(c) provides:

> **c) State or local enforcement proceedings; notification of State or local authority; stay of Federal proceedings**
>
> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

Accordingly, the Court dismisses Count II as to Defendant Parx Casino without prejudice since the notice requirement of 42 U.S.C. § 2000a-3(c) has not been met.[4] The Court will not address Defendant's arguments that the damages sought are not recoverable under Title II, ECF No. 8 at 5-6, since an amendment of the Complaint could render such argument moot, *id.* at 6 n.1. The Court will provide a deadline for amendment of the Complaint in a scheduling order it will issue once Defendant files its answer to the Complaint and a Rule 16 conference is held.

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part Defendant Parx Casino's Motion to Dismiss (ECF No. 8). The Court will dismiss Plaintiff's Title II claim as to Defendant Parx Casino (Count II) without prejudice. The Motion to Dismiss is otherwise denied, and Defendant Parx Casino is ordered to file an answer to Count I of the Complaint (ECF No. 1) by May 1, 2025.

An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

[4] The Motion to Dismiss was filed by Defendant Parx Casino. ECF No. 8 at 6. The Court does not know if the 30-day notice was provided to the Pennsylvania Human Relations Commission as to the John Doe defendants. *See generally* ECF No. 1. The Court will exercise restraint and only dismiss Count II as to the moving Defendant, Parx Casino.